UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| HOWARD C. BUNCH, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | No.: 2:20-CV-152-KAC-CRW |
| RHA HEALTH SERVICES, et al., | ) | |
| Defendants. | ) | |

## MEMORDANDUM AND ORDER DISMISSING COMPLAINT

Plaintiffs filed a pro se Complaint against Defendants seeking visitation rights and specific medication for Howard Bunch's adult daughter who has allegedly been removed from Plaintiffs' home [Doc. 1]. Before the Court are Defendants' "Motion to Dismiss" [Doc. 8] and accompanying "Memorandum of Law in Support" [Doc. 9] and Plaintiffs' "Motion to Expedite and Keep [the Case in This] Jurisdiction" [Doc. 14]. Defendants moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(1) for an alleged lack of subject matter jurisdiction [*See* Doc. 9]. Plaintiffs subsequently moved to "expedite" the case and keep it "out of Chancery Court of Hamblen County Tennessee" [Doc. 14]. The Court dismisses this action because it lacks subject matter jurisdiction.

### I. Procedural and Factual History

According to their Complaint, Plaintiffs are residents of Tennessee [Doc. 1]. They have engaged in a custody dispute over the disabled adult daughter of Mr. Bunch [*See* Doc. 1; *see also* Doc. 14]. Mr. Bunch's daughter was purportedly removed from Plaintiffs' home due to "allegations of neglect" and now resides at RHA Health Services TN, LLC ("RHA"), a health care facility and defendant in this action [Doc. 1, 2]. Plaintiffs allege that there are ongoing proceedings

in the Chancery Court for Hamblen County, Tennessee related to conservatorship over Mr. Bunch's daughter. [Doc. 1, 2; *see also* Doc. 14].

In the instant action, Plaintiffs allege that Defendants prohibited Plaintiffs from visiting Mr. Bunch's daughter at RHA [Doc. 1]. Plaintiffs further contend that Defendants coordinated with other health care providers to alter Mr. Bunch's daughter's medication [Doc. 1]. Plaintiffs ask the Court to "[i]nvestigate [their] claims," "let [Mr. Bunch's daughter] come back home," "talk with doctor about implant," and "give [Mr. Bunch's daughter] a better life" [Doc. 1, 3]. Plaintiffs used the Court's pro se form complaint to file this action [*See id.*]. The form requires a "short and plain statement of the grounds for filing this case in federal court (include federal statutes and/or Constitutional provisions, if you know them)" [*Id.* at 1]. Plaintiffs wrote: "Visitation. To daughter, Doctors to be used in her care. Wrong medications being used has implant for seizure disorder" [*Id.*].

Defendants made a special appearance for the limited purpose of contesting the Court's subject matter jurisdiction, filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) [Doc. 8]. Defendants allege that Defendant RHA is "a Delaware limited liability company with its principal office in North Carolina," [Doc. 9, 1], and that the remaining Defendants are all citizens of Tennessee, [*id.* at 4]. Defendants contend that the amount in controversy does not exceed $75,000 [*Id.* at 3]. Lastly, Defendants assert that "this action sounds in health care liability," and any such liability is the sole creation of Tennessee statutes and not a federal question [*Id.* at 5].

Plaintiffs did not specifically respond to Defendants' Motion to Dismiss, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction," and "[i]t is to be presumed that a case lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing jurisdiction "rests upon the party asserting jurisdiction." *Id.* (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182-83 (1936)); *see also Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014) ("Plaintiff bears the burden of establishing that subject matter jurisdiction exists."). Federal Rule of Civil Procedure 8(a)(1) requires that a complaint contains "a sort plain statement of the grounds for the court's jurisdiction." Courts liberally construe pro se pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "leniency granted to pro se petitioners . . . is not boundless." *Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004). Pro se plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Two sources of subject matter jurisdiction are relevant to this case—diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331. Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that the action be between citizens of different states. 28 U.S.C. § 1332(a). Generally, the parties must be completely diverse—no party may "share citizenship with any opposing party." *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994). Federal question jurisdiction requires that a claim arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Am. Fed'n of Tel. & Radio Artists v. WJBK-TV*, 164 F.3d 1004, 1007 (6th Cir. 1999). "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

A motion challenging subject matter jurisdiction may challenge the sufficiency of the

3

complaint itself—a facial attack—or the factual existence of subject matter jurisdiction—a factual attack. *Cartwright*, 751 F.3d at 759. When a party facially attacks the complaint, the Court takes the allegations of the complaint as true. *Id.* However, when adjudicating a factual attack, the court weighs the evidence presented to determine whether subject matter jurisdiction exists. *Id.* The plaintiff must establish the factual existence of subject matter jurisdiction by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Wright v. United States*, No. 95-5175, 1996 WL 172119, *4 (6th Cir. 1996).

**III.     Analysis**

Under either a facial attack or a factual attack, this Court lacks subject matter jurisdiction over this action, and the action must be dismissed. Even liberally construed and taking the allegations in the Complaint as true, Plaintiffs failed to allege facts sufficient to establish subject matter jurisdiction [*See* Doc. 1]. Plaintiffs did not plead any specific legal basis for subject matter jurisdiction. [*Id.*] Further, they did not plead facts related to Defendants' citizenship, such that diversity jurisdiction could exist. *See* 28 U.S.C. § 1332. Nor did Plaintiffs identify how their claims arise "under the Constitution, laws, or treaties of the United States," such that federal question jurisdiction could exist. *See* 28 U.S.C. § 1331. In fact, Plaintiffs' claims do not raise a discernable federal question. Instead, they sound in health care liability, rooted in state law. *See* Tenn. Code. Ann. § 29-26-101, *et seq.* Despite being alerted to this jurisdictional deficiency, Plaintiffs have not supplemented their pleading with any basis for subject matter jurisdiction. Accordingly, as a facial matter, Plaintiffs failed to plead facts sufficient to establish subject matter jurisdiction.

Even if the Complaint were not facially deficient, the unrebutted evidence establishes that this Court lacks subject matter jurisdiction. As discussed above, there is no stated basis for federal

4

question jurisdiction. And the Court could not discern one. Moreover, given the uncontroverted facts, the complete diversity of citizenship required for diversity jurisdiction does not exist. *See Shea v. State Farm Ins. Cos.*, 2 F. App'x 478, 479 (6th Cir. 2001) (finding the court lacked subject matter jurisdiction because plaintiff had not established complete diversity). Plaintiffs are citizens of the state of Tennessee [Doc. 1, 1]. Three of the four Defendants are also citizens of Tennessee [Doc. 9, 4]. Accordingly, the unrebutted evidence establishes that subject matter jurisdiction is lacking.

IV. <u>**Conclusion**</u>

Federal courts are "courts of limited jurisdiction . . . possess[ing] only that power authorized by Constitution and statute." *Kokkonen*, 511 U.S. at 377 (citations omitted). Even liberally construing Plaintiffs' Complaint, this Court lacks subject matter jurisdiction. The Court must therefore dismiss this action. *See* Fed. R. Civ. P. 12(h)(3). Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss [Doc. 8] and **DENIES** Plaintiffs' "Motion to Expedite and Keep [the Case in This] Jurisdiction" [Doc. 14]. An appropriate judgment shall enter.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge